FILED

December 8, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:15 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: Jimmy Cooper

EMPLOYER: Federal Express Corporation

TPA: Sedgwick CMS

DOCKET #: 2014-08-0010
STATE FILE #: 62458/2014
DATE OF INJURY: July 31, 2014

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Jimmy Cooper (Employee).

On September 26, 2014, a Request for Expedited Hearing was filed with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, on behalf of Employee pursuant to Tennessee Code Annotated section 50-6-239 to determine if the provision of medical benefits and/or temporary disability benefits is appropriate. Employee requested an evidentiary hearing.

The Expedited Hearing was originally scheduled for October 22, 2014. At that time Employee made a request for a continuance to retain an attorney. Employee's request was granted and the case was reset for hearing on November 13, 2014.

The Court conducted a telephonic hearing on November 13, 2014. Employee appeared *pro se*, and advised that he had not retained an attorney. Federal Express Corporation and Sedgwick CMS (Employer/TPA) were represented by attorney Jonathan May. Considering the positions of the parties, the applicable law and all of the evidence submitted, the Court hereby finds that Employee is not entitled to medical benefits or temporary disability benefits.

### ANALYSIS

#### Issues

1. *Whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer.*

2. *Whether Employer is obligated to provide medical benefits and/or temporary disability*

1

*benefits.*

## Evidence Submitted

The Court received and considered the following documentation and information submitted by the parties:

Exhibits 1-4 were marked for identification only and were not admitted into evidence. Exhibits 5-9 were admitted into evidence by agreement of the parties.

Exhibits 10-21 are medical records dated prior to the date of alleged injury which show Employee's prior medical treatment for similar injury. All of these Exhibits other than Exhibit 12 (MRI report dated December 6, 2011) were authenticated by electronic signature of a physician. There was no objection to the authenticity of Exhibits 10-21. Employee, however, objected to the introduction into evidence of these medical records dated prior to the alleged date of injury, on the ground of relevancy. An issue in this case is whether Employee sustained an injury that arose primarily out of and in the course and scope of employment. The Court determined that records of Employee's prior medical condition would be relevant to prove or disprove this issue. Therefore, Employee's objection was overruled, and Exhibits 10-21 were admitted into evidence.

Exhibits 22-28 were admitted into evidence by agreement of the parties.

### Exhibit Number:

1. Request for Expedited Hearing, filed September 26, 2014
2. Dispute Certification Notice, dated September 26, 2014
3. Petition for Benefit Determination, filed September 5, 2014
4. Employer's Position Statement dated September 17, 2014

5. Form C20 – Employer's First Report of Work Injury
6. Form C41 – Wage Statement (Average Weekly Wage $596.97)
7. Job Description of Employee
8. Employee's handwritten description of injury, dated August 7, 2014
9. Form C42 – Panel of Physicians – Dr. Fereidoon Parsioon selected by Employee on August 12, 2014

10. Medical records, Dr. Ki Chang, dated September 15, 2011
11. Medical records, Dr. Chang, dated November 30, 2011
12. Medical records, Desoto Imaging Specialists, MRI dated December 6, 2011
13. Medical records, Dr. Chang, dated January 13, 2012
14. Medical records, Semmes Murphy Clinic (Dr. Daniel Holt), dated February 16, 2012
15. Medical records, Semmes Murphy Clinic (Dr. Samuel Polk), dated March 19, 2012
16. Medical records, Dr. Chang, dated March 12, 2013

17. Medical records, Dr. Chang, dated April 2, 2013
18. Medical records, Dr. Chang, dated June 24, 2013
19. Medical records, Dr. Chang, dated August 12, 2013
20. Medical records, Dr. Chang, dated October 18, 2013
21. Medical records, Dr. Chang, dated June 27, 2014

22. Medical records, Concentra Medical Centers, dated August 7, 2014
23. Medical records, Baptist Desoto Internal Medicine (Dr. Chang), dated August 14, 2014
24. Medical records, Phoenix Neurosurgery (Dr. Parsioon), dated August 21, 2014
25. Medical records, Desoto Imaging Specialists, MRI dated August 27, 2014
26. Medical records, Phoenix Neurosurgery (Dr. Parsioon), dated September 4, 2014

27. Medical records, Phoenix Neurosurgery (Dr. Parsioon), dated October 9, 2014
28. Laboratory Report, Pacific Toxicology Laboratories, dated September 8, 2014

## Stipulations of the Parties

The parties stipulated the following to be correct:

1. Federal Express Corporation is an "Employer" as defined by Tennessee Workers' Compensation law;
2. On July 31, 2014, Robert Cooper was an "Employee" of Federal Express Corporation as defined by Tennessee Workers' Compensation law;
3. Robert Cooper's Average Weekly Wage (AWW) is $596.97, and his weekly Compensation Rate (CR) is $397.98.

## History of Claim

According to a First Report of Injury (Ex. 5), on August 6, 2014, Employee reported pain in his lower back which he related to an incident on July 31, 2014, when he was lifting boxes and loading containers on a slide. Employee's supervisor, Charles Tyler, manager of hub operations, testified that on August 6, 2014, he advised Employee that his work performance was below acceptable standards. According to Mr. Tyler, Employee told him that he was having difficulty working because he hurt his back at work on July 31, 2014. Mr. Tyler testified that he had observed Employee at work and could not tell that Employee was injured. He also could not locate any witnesses that could confirm Employee's alleged injury.

Employer sent Employee to Concentra Medical Center (Concentra) for treatment on August 7, 2014 (Ex. 22). Employee gave a history that he believed he had exacerbated a lower back injury he received in 2011. Concentra assigned limited work restrictions and referred Employee to a neurosurgeon for treatment. Employee attempted to return to work, but Employer advised that it did

3

not have any light duty work.

Employer gave Employee a panel of neurosurgeons and Employee selected Dr. Fereidoon Parsioon at Phoenix Neurosurgery, who saw him on August 21, 2014. Employee gave a history of injury at work lifting packages and stated that he had the same symptoms in 2011 and treated at Semmes Murphy Clinic with a lumbar epidural block. Dr. Parsioon reviewed a prior MRI from 2011 which showed a left L5/S1 disc protrusion. Dr. Parsioon noted:

In my opinion, [Employee's] new injury either caused aggravation of the old disc protrusion at L5/S1 on the left or has caused some new problems at other levels for him. As such, I believe that this new problem is related to his work injury.

He needs to be evaluated with an MRI of the lumbar spine so we can compare this to the MRI of 2011. If this disc at L5/S1 on the left is not any larger, then it would be aggravation of a pre-existing condition due to this lifting injury. If there is another disc at any other level or if this disc is significantly enlarged, then the new injury is the cause of his problems … I kept him off work.

The MRI ordered by Dr. Parsioon was performed on August 27, 2014 (Ex. 25). Employee returned to Dr. Parsioon on September 4, 2014, at which time the MRI was reviewed and compared to the 2011 MRI. Dr. Parsioon reported that the protrusion at L5/S1 was now very minimal compared to the 2011 MRI. He explained that sometimes discs shrink and go back into place. The MRI showed that there was no ruptured disc or impingement of the neural structures present. Dr. Parsioon ordered three weeks of physical therapy and noted that Employee could return to work on September 5, 2014, with a twenty pound lifting restriction. Employee was instructed to return to Dr. Parsioon after completing physical therapy and, at that time, he would be released to regular work duty without restrictions. Employer denied the claim after this visit, no physical therapy was provided, and Employee was not authorized to return to Dr. Parsioon.

Employer paid for authorized medical treatment with Concentra and Dr. Parsioon through September 4, 2014. No temporary disability benefits have been paid. Employee testified that his Employer offered to allow him to return to work on October 20, 2014, but he refused because he had not been released by a physician. Employee testified that he has not returned to work.

Medical records (Exhibits 10-21) introduced into evidence confirm that Employee had a prior L5/S1 disc herniation in 2011, and that received epidural blocks on March 19, 2012 (Ex. 15). A June 27, 2014, record of Dr. Ki Chang (Ex. 21), dated approximately one month before this alleged work injury, indicates that he saw Employee who was complaining of low back pain.

The parties stipulated that Employee's Average Weekly Wage (AWW) is $596.97, and his weekly Compensation Rate (CR) is $397.98.

### Employee's Contentions

Employee contends that he sustained a low back injury that arose primarily out of and in the

4

course and scope of employment with Employer when he was lifting boxes and loading containers on a slide on July 31, 2014. Employee contends that Employer/Carrier should provide temporary disability benefits and additional medical benefits.

## Employer's Contentions

Employer/Carrier disputes the compensability of Employee's injury on the basis that it does not qualify as an "injury" as contemplated by Tennessee Code Annotated section 50-6-102(12). Specifically, there is no objective evidence that Employee suffered either an anatomical aggravation or a new injury, either of which arose primarily out of the course and scope of his employment. Employer also alleges that the credibility of Employee's claim of injury is suspect because he has given different dates of injury and different mechanisms of injury. Also, Employee's claim of injury was only made a week later in response to being told that his work performance was unsatisfactory.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show that the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13)(2014).

### Factual Findings

Considering all admissible evidence, including the medical records, the testimony of Employee, and the testimony of Employee's supervisor, the Court finds that Employee had been seen by Dr. Chang on June 27, 2014, complaining of low back pain. This may or may not have been related to Employee's earlier lumbar disc herniation in 2011, but it shows that Employee was complaining of low back pain approximately one month before his alleged low back injury at work on July 31, 2014. An authorized panel physician, Dr. Parsioon, opined that Employee's back pain was work related, but he did not opine that it arose primarily out of employment. There was no indication in Dr. Parsioon's records that he was aware Employee had complained of low back pain to Dr. Chang on June 27, 2014.

### Application of Law to Facts

1.      *Employee failed to prove that he sustained an injury that arose primarily out of and in the course and scope of employment with Employer.*

5

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). An injury means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13)(A) (2014).

An injury is deemed to arise primarily out of and in the course and scope of employment "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B) (2014). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(13)(C) (2014). An injury is shown to a reasonable degree of medical certainty if "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(13)(D) (2014). "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(13)(E) (2014). The employee b e a r s the "burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c)(6) (2014).

Traditionally, courts have held that the statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance Sys.*, 164 S.W.3d 350, 354 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

In contrast, arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Put another way, the element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.,* 833 S.W.2d 496, 498 (Tenn. 1992). The mere presence of the employee at the place of injury because of the employment is not enough, as the injury must result from a hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Blankenship*, 164 S.W.3d at 354. Accordingly, "an injury purely coincidental, or contemporaneous,

6

or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment." *Jackson v. Clark & Fay, Inc.,* 270 S.W.2d 389, 390 (Tenn. 1954).

Applying these principles to this case, it is the finding of the Court that Employee does have low back pain, but there is insufficient proof that it arose primarily out of and in the course and scope of employment. This finding is based on both factual and medical grounds. Employee had a prior low back injury in 2011, and had complained of back pain to Dr. Chang only one month prior to his alleged date of injury. Employee did not complain of a work injury on July 31, 2014, and only later reported his alleged injury in response to being told by a supervisor that his work performance was unsatisfactory. Furthermore, no physician has opined that Employee's alleged back injury arose primarily out of and in the course and scope of employment. Therefore, it is the ruling of the Court that Employee has failed to establish that he sustained a compensable work-related injury.

2.      *Employer is not obligated to provide temporary disability benefits or medical benefits.*

Employee has failed to prove that he sustained a compensable work-related injury. Therefore, Employer/Carrier is not obligated to provide medical or temporary disability benefits.

**IT IS, THEREFORE, ORDERED THAT:**

1) Employee's interlocutory request in this Expedited Hearing for temporary disability benefits and medical benefits is denied at this time on the grounds that Employee has failed to prove that he sustained an injury by accident arising primarily out of and in the course and scope of employment. This is not a Final Order.

2) This matter is set for Initial Hearing on December 17, 2014 at 9 a.m.

**ENTERED this the 8ᵗʰ day of December, 2014.**

**Jim Umsted, Judge**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Request for Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

7

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 8th day of December, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Jimmy Cooper, Employee | x | | | | x | Jimmie7cp@aol.com |
| Jonathan May, Employer's attorney | | | | | x | jmay@lewisthomason.com |

Jim Umsted, Judge
Court of Workers' Compensation Claims